GRANT *v.* McCARTY.

1. Where land which had been set apart as a homestead, upon application of a husband for the benefit of a wife and minor child, was sold under an order of court providing for a cash sale, and a deed was made to the purchaser by the husband and wife, reciting that the entire purchase-money had been paid ; and where in a suit afterwards brought by the wife as sole beneficiary, to recover the land from a person claiming under the purchaser at the sale, the defendant relied upon an estoppel arising from the recital in the deed, it was incumbent upon him to show that he bought the land without notice of the invalidity of the deed to the first purchaser, and relying upon the recital in the deed to him that the order of sale had been complied with by the payment of the entire purchase-money.
2. Applying the rule above laid down to the facts of the present case, the court committed no error in allowing the amendment to the defendant's answer, but did err in dismissing the petition on the ground that it set forth no cause of action.

Argued January 15, — Decided February 11, 1903.

Complaint for land.   Before Judge Lumpkin.   Fulton superior court.    April 16, 1902.

*R. J. Jordan,* for plaintiff.

*John T. Pendleton* and *Rosser & Brandon,* for defendant.

COBB, J. Jane Grant brought suit against McCarty to recover possession of a tract of land. Her petition alleged, in substance: The land in dispute formerly belonged to plaintiff's husband, and had been set apart as a homestead for the benefit of herself and her minor child. Application for leave to sell the land was made by the husband to the judge of the superior court, and an order was granted authorizing the sale but requiring that the husband should collect the proceeds of the sale as receiver and deposit the same in bank subject to the order of the court. Under authority of this order plaintiff and her husband conveyed the property to one Schmidt for a consideration of $400, and executed and delivered to Schmidt a deed which recited that the sum of $400, the consideration stated in the deed, had been paid before the delivery of the deed, though in fact only $66 of the purchase-money had been paid, and for this reason no title passed to Schmidt. In the deed there was a recital that the sale was made pursuant to the order of the judge of the superior court, above referred to. It was alleged that plaintiff's husband was dead, that her minor child had arrived at majority, and that plaintiff was now the sole beneficiary of the homestead. In the petition was this paragraph: "No abstract of title is necessary, as both petitioner and said defendant claim title under said homestead proceeding, or petitioner as a beneficiary under said homestead, and said defendant under said order of sale." When the case came on for trial the defendant offered an amendment to his answer, which alleged that he had purchased the property from parties who bought from Schmidt, that he purchased in good faith and paid full value, and had no notice of any kind that the order of court had not been complied with, and that in purchasing he relied upon the recital in the deed from plaintiff and her husband to Schmidt that the purchase-money had been paid in full. The amendment was allowed over objection of the plaintiff, and error is assigned upon this ruling. The court then, on motion of defendant, dismissed the petition, on the ground that it set forth no cause of action; and error is assigned upon this ruling.

There was no error in allowing the amendment to the answer. Under the allegations of the amendment, the defendant was a bona fide purchaser without notice of the fact that the deed had been made before the order of court was complied with by the payment of the entire purchase-money; and, in view of these allegations,

plaintiff and her husband were both estopped by the recital in the deed from setting up the invalidity of the deed on this ground as against such a purchaser. See *Willingham* v. *Richardson*, 106 *Ga.* 65 (3). This case is to be distinguished from *Taylor* v. *James*, 109 *Ga.* 327, for the reason that in that case the deed showed upon its face that the order of court had not been complied with.

We think, however, that the court erred in dismissing the case on the ground that the petition set forth no cause of action. Under the allegations of the petition, Schmidt never acquired title to the property, notwithstanding the deed had been delivered to him. He was charged with notice of the order of court, and it was clear that that order required a sale for cash. See *Taylor* v. *James*, supra. Until Schmidt paid the entire purchase-money the title never passed out of Grant and his wife. The admission in the petition that both parties claim under the homestead proceedings, one as a beneficiary, and the other under the order of sale, at most amounts only to an admission that the defendant claims under Schmidt, and this fact alone would not make the defendant a bona fide purchaser without notice. The petition in effect says merely that Schmidt has no title and that McCarty claims under Schmidt; inferentially, therefore, that McCarty has no title. The recital in the deed, that the entire purchase-money had been paid, would not estop plaintiff as against a person claiming under Schmidt, unless this person bought in good faith, relying on the recital in the deed, that the purchase-money had been paid. There is nothing in the petition that can be construed into an allegation that McCarty was a bona fide purchaser without notice of the invalidity of Schmidt's deed, or that he relied upon the recitals in that deed in making the purchase. While one in possession of land is presumptively the owner, yet where, in a suit to recover the land from the possessor, the plaintiff shows that title to the land is in him, the burden is upon the defendant to show that for some reason his possession constitutes a superior claim to the plaintiff's title. If he relies on a prescription, he must prove it. If he relies on an estoppel, he must prove that; and in order to set up successfully an estoppel against the plaintiff, the defendant must show, not only that the plaintiff has done something to estop himself from claiming title to the land, but also that the defendant entered into possession by reason of this act of the plaintiff. There is no allegation in the petition in

the present case which relieves the defendant of this burden, and the judgment dismissing the petition must therefore be reversed. The defendant's amended answer sets up a complete defense; for it shows that he was a bona fide purchaser without notice that the order of sale had not been complied with, and that he relied on the recital in the deed to Schmidt that it had. If he establishes these allegations, he ought to prevail.

*Judgment affirmed in part, and in part reversed. By five Justices.*